UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. DAVIS,<br>CDCR #V-25937,<br><br>                                        Plaintiff,<br><br>vs.<br><br>R. WALKER, Chief Medical Officer at RJDCF; et al.,<br><br>                                        Defendants. | Civil No.    14cv1283 GPC (KSC)<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1)  FOR FAILING TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO FILE A MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**2)  FOR FAILING TO FILE A COMPLAINT ALLEGING FEDERAL SUBJECT MATTER JURISDICTION PURSUANT TO FED.R.CIV.P. 3, 8(a)(1)-(3) AND FED.R.CIV.P. 12(h)(3)** |

Juan M. Davis ("Plaintiff"), a prisoner currently incarcerated at the California Rehabilitation Center in Norco, California, and proceeding pro se, has filed a letter with the Court which is addressed to the "Commissioner" of the Southern District of California (ECF Doc. No. 1). In his pleading, which Plaintiff identifies as a "right-to-sue" letter, he asks for an opportunity to present claims against medical officials at Richard J. Donovan Correctional Facility ("RJD") for failing to provide him adequate

1  medical care while he was incarcerated there in 2011 through 2012. *See* ECF Doc. No. 1 at 1-2.

Because Plaintiff is proceeding without counsel, the Court liberally construed his letter as an attempt to commence a civil action, and assigned it Civil Case No. 3:14-cv-01283-GPC-PCL. *See Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt).

### I. FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

However, all parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, nor has he submitted a Motion to Proceed IFP in compliance with 28 U.S.C. § 1915(a). Therefore, no civil action can yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

### II. FAILURE TO FILE COMPLAINT ALLEGING SUBJECT MATTER JURISDICTION

Moreover, "[t]he first step in a civil action in a United States district court is the filing of [a] complaint with the clerk or the judge." 4 Wright, Miller, Kane, Marcus & Steinman, FED. PRAC. & PROC. CIV. § 1052 (3d ed. 2002 & Supp. 2014); FED.R.CIV.P. 3 ("A civil action is commenced by filing a *complaint* with the court.") (emphasis added). Pursuant to FED.R.CIV.P. 8(a), a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," . . . (2) a short and plain statement

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED.R.CIV.P. 8(a)(1)-(3).

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction "must neither be disregarded nor evaded." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). The Court must determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* FED.R.CIV.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Thus, while it appears from Plaintiff's letter that he *intends* to file a civil rights action alleging holding RJD officials "accountable" for denying him adequate medical care or accommodations, *see* Doc. No. 1 at 2, he does not allege subject matter jurisdiction pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 1343(a)(3). *See Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.").

Thus, because Plaintiff has not filed a complaint that alleges federal jurisdiction or "states a claim to relief that is plausible on its face," *Ashcroft v. Iqbal,* U.S. 662, 678 (2009) (citation omitted), this case must be dismissed. *See Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011) (noting court's obligation under the Prison Litigation Reform Act to "review, before docketing or as soon thereafter as practicable, any civil action brought by a prisoner seeking redress from a governmental entity, officer or employee," and its requirement to dismiss complaints or any portion thereof that are "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seek[ing] monetary relief from a defendant who is immune" pursuant to 28 U.S.C. § 1915A(a), (b)).[2]

---

[2] While the Court would typically grant Plaintiff leave to either pay the full civil filing fee or move to proceed IFP pursuant to 28 U.S.C. § 1915(a), and to file a true Complaint pursuant to FED.R.CIV.P. 3, it takes judicial notice of another civil action filed

### III. CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** this action without prejudice for failing to pay the $400 filing fee required by 28 U.S.C. § 1914(a), failing to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and for failing to file a complaint which alleges federal subject matter jurisdiction pursuant to FED.R.CIV.P. 3, 8(a)(1)-(3), and 12(h)(3).

**IT IS SO ORDERED**.

DATED:  October 2, 2014

　　　　　　　　　　　　　　　　HON. GONZALO P. CURIEL
　　　　　　　　　　　　　　　　United States District Judge

---

by Plaintiff, just one day *after* he submitted his letter in this case, *Davis v. Walker, et al.,* S.D. Cal. Civil Case No. 3:14-cv-1297-BAS-NLS, in which Plaintiff indeed alleges Eighth Amendment inadequate medical care claims against RJD officials, including the same persons referenced in his "right-to-sue" letter, but pursuant to 42 U.S.C. § 1983. *See Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).  Because Plaintiff's claims remain pending before Judge Bashant in this later filed civil rights action, and Plaintiff may not litigate the same claims against identical parties in separate proceedings, *see Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting court's ability to sua sponte dismiss a complaint "that merely repeats pending or previously litigated claims"), the Court will simply dismiss this duplicate proceeding without prejudice to Plaintiff's pursuit of the same claims in *Davis v. Walker, et al.,* S.D. Cal. Civil Case No. 3:14-cv-1297-BAS-NLS.